### AZA, DAURE and ZELIA against EITLINGER.

In a *homine replegiando*, the confessions of the officers, who had the persons claimed as slaves, in their custody when the writ was served, cannot be given in evidence against the party making avowry.

THIS was an action of replevin. The plaintiffs counted on the writ *de homine replegiando*.

The defendant avowed the taking and detention of the plaintiffs as her slaves.

It appeared in testimony that the plaintiffs were brought into the United States regularly, as the slaves of the defendant.

The plaintiffs claimed their freedom on the ground of an attempt, on the part of the defendant, to export them, contrary to the provisions of the statute of the state of New York.

Aza v. Eitlinger.

To prove this fact, the plaintiffs offered to show that the writ *de homine replegiando* had been served just as the officers, in whose custody the plaintiffs then were, were departing from the shore; that those officers confessed to the sheriff, that the defendant was then about to proceed to New Orleans with the plaintiffs, as her slaves; that, to secure them, she had caused them to be imprisoned in the city prison, from whence they had just then removed them in coaches, by the defendant's orders, and were then conveying them to the vessel, which was riding at anchor in the river.

The defendant's counsel objected to this testimony, and contended that the confessions of the officers could not, in any way, affect the defendant.

For the plaintiffs it was answered, that the defendant by her avowry, in which she admits and justifies the taking and detention of the plaintiffs, had made the officers her agents, and, therefore, their confessions may be received in evidence against her particularly; also, as the officers themselves cannot be compelled to testify, since they themselves are liable to a penalty.

But THOMPSON, J., said the testimony was altogether inadmissible.(1)

*Slosson, Emmet,* and *Colden,* for the plaintiffs.

*Bleecker* and *Hoffman,* for the defendant.

(1) The parties seem to have acquiesced in this decision. There are, however, cases which give, at least, a plausible support to the plaintiff's opinion. The admissions, attempted to be given in evidence, related to the act for

which the defendant was liable, and were made while her agents were in the performance of the act. In such cases, the admissions of agents have been received as evidence against their principals.

Thus, in *North* v. *Miles*, et al., (1 Campbell's N. P. 389,) in an action against the sheriff, for a false return, the plaintiff offered to prove, by acknowledgments made to the attorney in the suit, by the officer deputized by the sheriff, that he might have arrested the defendant. This testimony being objected to, on this ground among others, that the officer might be called as a witness. Lord Ellenborough decided, that the bailiff's general conversation with an indifferent person, would not be evidence against the sheriff; but what he said when remonstrated with by the plaintiff's attorney, must be considered as part of his act touching the execution of the writ, for which the defendant was liable. Lord Ellenborough then lays down this general rule, that when a thing is carried on by a *quasi* principal, what he says in the course of the transaction, has been held on great consideration, to be evidence against those he represents.

So again in the case of *Bowsher* v. *Calley*, in a note to the preceding case. In an action against the sheriff for an escape, the admissions of the officer, concerning the custody of the debtor, were received in evidence by the same judge, upon the principle that what he had said at the time was part of the act for which the sheriff was responsible. These cases are recognized and adopted in *Mott* et al. v. *Kip*, 10 Johns. 478.